B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Rosa María Aguiar Santana | **DEFENDANTS**<br>Oriental Bank (BBVA); Collection Agency A, B, C; José Ramón Carrión Morales, Esq., Chapter 13 Trustee |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Roberto Figueroa Carrasquillo, Esq.<br>PO Box 0186 Caguas PR 00726-0186<br>787-744-7699 rfigueroa@rfclawpr.com | **ATTORNEYS** (If Known)<br>Angel M. Vazquez Bauza<br>PO Box 191017<br>San Juan PR 00919-1017 |
| **PARTY** (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☒ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint seeking turn over of property pursuant to 11 USC 542 and damages; also plaintiff request imposition of statutory damages for violation of Fair Debt Practices Collection Act (FDCPA).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $210,000.00 |

**Other Relief Sought**

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Rosa María Aguiar Santana || BANKRUPTCY CASE NO.<br>13-04148 ESL ||
| DISTRICT IN WHICH CASE IS PENDING || DIVISION OFFICE | NAME OF JUDGE<br>Hon. Enrique S. Lamoutte |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>7/17/2013 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Roberto Figueroa Carrasquillo |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 13-04148 ESL |
| ROSA MARIA AGUIAR SANTANA | CHAPTER 13 |
| DEBTOR | |
| ROSA MARIA AGUIAR SANTANA | |
| PLAINTIFF | ADVERSARY NO. |
| VS | |
| ORIENTAL BANK as successor of BANCO BILBAO VIZCAYA ARGENTARIA; COLLECTION AGENCY A,B,C; JOSE RAMON CARRION MORALES, ESQ. CHAPTER 13 TRUSTEE | |
| DEFENDANTS | |

**COMPLAINT SEEKING TURNOVER OF PROPERTY AND
SEEKING DAMAGES FOR VIOLATION OF THE FEDERAL DEBT COLLECTION
PRACTICES ACT (FDCPA)**

**TO THE HONORABLE COURT:**

COMES NOW, **ROSA MARIA AGUIAR SANTANA**, plaintiff-debtor, in the above captioned case, through the undersigned attorney, and very respectfully states and prays as follows:

**INTRODUCTION**

This proceeding is brought by plaintiff to seek possession of an automobile in which she has an interest and which is property of the estate and which is in the possession of the defendant Oriental Bank. The Plaintiff/debtor also seeks statutory damages against defendants for violation of the Federal Debt Collection Practices Act and damages for

2

defendant's unfair and unconscionable collection means used against the plaintiff.

## JURISDICTION

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(b). This action is a core proceeding.

## PARTIES

3. Plaintiff Rosa Maria Aguiar Santana ("Plaintiff") is the debtor in bankruptcy case number 13-04148 ESL13.

4. Oriental Bank, as successor of Banco Bilbao Vizcaya Argentaria ("Oriental Bank") is a creditor, in the above captioned bankruptcy case.

5. Colllection Agency A,B,C, is a fictitious name used to designate the collection agency used by Oriental Bank to collect on the secured claim and repossess the Plaintiff's automobile.

6. The Chapter 13 Trustee Jose Ramon Carrion Morales, Esq., is brought to this proceeding as Trustee assigned to this case. This is an appropriate party to this action.

## FACTS

7. On January 24, 2013, Plaintiff's previous Chapter 13 bankruptcy case, 12-09003 ESL13, was dismissed.

8. The proposed Plan filed in the dismissed case, provided for payment in full (100%) through the Chapter 13 Trustee to secured creditor Oriental Bank, which creditor is secured by a conditional sales lien on Plaintiff's automobile: a 2004 Kia Rio.

9. On March 11, 2013, Plaintiff filed a motion requesting reconsideration of and to set aside the above stated dismissal Order.

3

10. On April 30, 2013, the Bankruptcy Court for the District of Puerto Rico scheduled a hearing for July 10, 2013, to consider, *inter alia*, the Plaintiff's motion for reconsideration of the dismissal order entered in case 13-09003 ESL13.

11. On May 2, 2013, Plaintiff received a telephone call from L. Martinez, a collector and/or employee of defendant, at her home, who left her a message to call her back.

12. Since at the time of said telephone call Plaintiff was at her workplace, Plaintiff was advised of the same and returned the call to said L. Martinez, who informed Plaintiff that she was a "judicial and/or court officer" and that she was going to repossess the Plaintiff's automobile, immediately, at her workplace.

13. Plaintiff informed Lillibeth Martinez that she was represented by counsel and that she needed time to speak to her attorney.

14. On May 3, 2013, Plaintiff visited the offices of the undersigned attorney who spoke to L. Martínez and informed her that the bankruptcy case 12-9003 ESL13 had been dismissed that there was a motion for reconsideration or re-opening of the case pending Court disposition, that a hearing had been scheduled for July 10, 2013 and that she should contact Oriental Bank's attorney.

15. On May 3, 2013, at 8:30 PM a large noisy pick-up truck with blinking headlights stopped in front of Plaintiff's home. Plaintiff's sister opened the house door and there was L. Martinez stating that she was there to repossess the automobile, that she was a "judicial or court officer" and could not wait until the Bankruptcy Court disposed of the reconsideration of the dismissal order and that Plaintiff had to sign certain court papers that were to be sent to the Chapter 13 Trustee.

4

16. At 9:13 PM a towing truck appeared at Plaintiff's house and at 9:45 PM the towing truck hitched the Plaintiff's automobile and left.

17. On May 22, 2013, the Court granted Plaintiff's motion withdrawing the motion for reconsideration of the dismissal order in bankruptcy case no. 12-09003 ESL13. Thus, bankruptcy case no. 12-09003 ESL13, remains dismissed.

18. On May 22, 2013, Plaintiff filed the above captioned Chapter 13 bankruptcy case 13-04148 ESL13, and filed a proposed Chapter 13 Plan which provides for Oriental Bank's secured claim to be paid in full (100%) through the Trustee.

19. On May 22, 2013, Plaintiff called Ms. Vizcarrondo, an employee of defendant Oriental Bank, seeking the turnover of the repossessed automobile. Ms Vizcarrondo informed Plaintiff that on May 16, 2013, the repossessed automobile had been "transferred" at a car auction held on May 6, 2013, that Oriental Bank did not have possession of the repossessed automobile and therefore, could not "turnover" the property.

20. On July 12, 2013, a search at the Public Transportation Department ("DTOP") revealed that the 2004 Kia Rio had never been transferred and that the title of the automobile appears under Plaintiff's name.

I.  **FIRST CLAIM:
    TURNOVER OF PROPERTY AND DAMAGES**

21. The allegations of paragraphs 1-20 above are realleged and are incorporated herein by reference.

22. Plaintiff's automobile, which is property of the estate as defined by 11 U.S.C. Section 541, is in the possession of defendants.

5

23. At the time her petition was filed, Plaintiff gave notice of the filing to defendant Oriental Bank.

24. Upon receipt of this notice, defendant was required pursuant to 11 U.S.C. Section 542, to turn over this property to the trustee in this case.

25. The Trustee has not acted to recover this property of the Plaintiff.

26. Under 11 U.S.C. Section 1306, Plaintiff is entitled to possession of all property of the estate.

27. Plaintiff has offered to provide adequate protection for the interest of the defendant and to make payment in full of defendant's claim through the Trustee.

28. Nonetheless, defendant has refused to turnover the property as required by 11 U.S.C. Section 542.

29. Wherefore, Plaintiff prays that this Court:

    a. Order Defendant forthwith to turn over Plaintiff's automobile;

    b. award Plaintiff, pursuant to 11 U.S.C. Section 105 (a) and 362(k) damages in an amount of not less than $50,000.00, punitive damages in an amount of $150,000.00, and an amount of $10,000.00 for costs and attorneys fees pursuant to 11 U.S.C. §362(k);

    (c) granting such other or further relief as is just and proper.

## II. SECOND CLAIM: VIOLATION OF THE FEDERAL DEBT COLLECTION PRACTICES ACT

30. The allegations of paragraph 1-20 above are realleged and incorporated herein by reference.

6

### A. FOR CONTACTS AT UNUSUAL AND INCONVENIENT TIMES

31. Communications with Plaintiff made by defendants after 9:00 PM in connection with the collection of any debt and/or repossession of property securing any debt are prohibited and are defined as contacts at an "unusual time" or "inconvenient to the consumer".

32. The contact made by defendant with the Plaintiff after 9:00 PM, is an act which is prohibited by Federal law. 15 U.S.C. §1692c(a)(1).

33. Plaintiff seeks statutory damages against defendants under the Federal Debt Collection Practices Act, 15 U.S.C. §1692k.

### B. FOR CONTACTING A CONSUMER IT KNOWS TO BE REPRESENTED BY AN ATTORNEY

34. Communications with Plaintiff made by defendants after being advised by Plaintiff that she was represented by an attorney with respect to the debt being collected, and that bankruptcy proceedings were pending before the Bankruptcy Court, are prohibited.

35. The contact made by defendant with the Plaintiff at her house after 9:00 PM, defendant knowing that Plaintiff is represented by an attorney, is an act which is prohibited by Federal law. 15 U.S.C. §1692c(a)(2).

36. Plaintiff seeks statutory damages against defendants under the Federal Debt Collection Practices Act, 15 U.S.C. §1692k.

### C. FOR MAKING A FALSE REPRESENTATION THAT THE DEFENDANT IS A "JUDICIAL OR COURT OFFICER" AND FALSELY IMPLYING THAT DOCUMENTS ARE LEGAL PROCESS

37. The false representation made by L Martinez, on behalf of defendant, to Plaintiff

7

stating that she had the authority to repossess the Plaintiff's automobile because she was a "judicial and/or court officer" is a false representation and a deceptive means to repossess the debt collateral.

38. The use of any false representation or deceptive means to collect any debt is an act which is prohibited by Federal law. 15 U.S. C. §1692e(10).

39. The false representation made by L Martinez, on behalf of defendant, to Plaintiff, that she had to sign certain Court documents that were to be delivered to the Chapter 13 trustee, is a false representation and a deceptive means to repossess the debt collateral.

40. The use of any false representation or deceptive means to collect any debt is an act which is prohibited by Federal law. 15 U.S. C. §1692e(13).

41. Plaintiff seeks statutory damages against defendants under the Federal Debt Collection Practices Act, 15 U.S.C. §1692k.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the present complaint and order defendants to turnover the plaintiff's automobile and pay plaintiff the amounts requested herein, granting such and further relief as is appropriate.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 17th day of July, 2013.

/s/Roberto Figueroa Carrasquillo
R. FIGUEROA CARRASQUILLO LAW OFFICE PSC
ATTORNEY FOR PLAINTIFF
USDC 203614
PO BOX 186 CAGUAS PR 00726
TEL. 787-744-7699 FAX 787-746-5294
Email: rfigueroa@rfclawpr.com